Daniel R. Watkins
Nevada State Bar No. 11881
Joseph M. Ortuno
Nevada State Bar No. 11233
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Email: DW@wl-llp.com
            jortuno@wl-llp.com
Tel:  (702) 901-7553
Fax: (702) 974-1297

Attorneys for Plaintiff
KARL HANSEN

[COUNSEL CONTINUED ON NEXT PAGE]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KARL HANSEN, | Case No. 3-19-cv-00413-LRH-WGC |
| Plaintiff, | |
| vs. | **JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)** |
| ELON MUSK; TESLA, INC.; TELSA MOTORS, INC.; U.S. SECURITY ASSOCIATES; DOES 1 THROUGH 50, | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Crane M. Pomerantz
Nevada Bar No. 14103
SKLAR WILLIAMS, PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Email: cpomerantz@sklar-law.com
Tel: (702) 360-6000
Fax: (702) 360-0000

Christopher F. Robertson
Bar No. 642094
Email: crobertson@seyfarth.com
Anne V. Dunne
Bar No. 681893
Email: adunne@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Attorneys for Defendants
ELON MUSK, TESLA, INC., and TESLA MOTORS, INC.

Matthew T. Cecil
Nevada State Bar No. 9525
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: MTCecil@hollandhart.com

S. Jordan Walsh
Nevada State Bar No.
Dora V. Lane
Nevada State Bar No.
HOLLAND & HART LLP
5441 Kietzke Lane, Suite 200
Reno, NV 89511
Tel:  (775) 327-3000
Fax:  (775) 786-6179 (fax)
Email: sjwalsh@hollandhart.com
          dlane@hollandhart.com

/ / /
/ / /
/ / /
/ / /

Jeremy T. Naftel
California State Bar No. 185215
Janine M. Braxton
California State Bar No. 296321
Alex A. Smith
California State Bar No. 317224
(pro hac vice applications forthcoming)
MARTENSON, HASBROUCK & SIMON LLP
455 Capitol Mall, Suite 601
Sacramento, California 95814
Email: jnaftel@martensonlaw.com
        jbraxton@martensonlaw.com
        alexsmith@martensonlaw.com

Attorneys for Defendant
U.S. SECURITY ASSOCIATES

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Karl Hansen and Defendants Elon Musk ("Musk"), Tesla, Inc., Tesla Motors, Inc. ("Tesla"), and U.S. Security Associates ("USSA") by and through their respective counsel, having conducted a conference in accordance with Rule 26(f) on November 25, 2019, submit the following Joint Report of Conference of Parties.

## I.    CONFERENCE OF PARTIES.

Plaintiff's counsel and Defendants' counsel conferred by telephone on Monday, November 25, 2019, to discuss the topics required by Fed. R. Civ. P. 26(f), including but not limited to, the nature and basis of their claims and defenses, the possibility for a prompt settlement or resolution of the case, the arrangements for initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and the development of a proposed discovery plan.  Counsel have prepared this Joint Report outlining the proposed discovery plan in accordance with Fed. R. Civ. P. 26(f).

## II.   STATEMENT OF THE CASE.

Plaintiff's Complaint alleges the three causes of action: 1) intentional interference with contractual relations (against Defendants Tesla and Musk); 2) breach of contract (against Defendant USSA); and 3) Whistleblower – SOX (against Defendants Tesla, Musk, and USSA). Defendants deny Plaintiff's allegations and deny that any violation of law occurred.  Defendants further deny that Plaintiff has been damaged as alleged, or at all.

1

2   **III.   PROCEDURAL HISTORY.**

3       Plaintiff filed his Complaint on July 19, 2019.  Defendant Tesla was served on August 29,

4   2019.    Defendant Musk waived service on September 19, 2019. Defendants Tesla and Musk

5   answered Plaintiff's Complaint on September 19, 2019.  Plaintiff served Defendant USSA on

6   October 1, 2019.  On October 22, 2019, Defendant USSA and Plaintiff filed a stipulation to an

7   extension for time to respond to Plaintiff's Complaint.  Defendant answered on November 12,

8   2019.

9   **IV.   SUBJECTS OF DISCOVERY.**

10      Discovery will be conducted on the following general issues:  (1) whether Defendants Tesla

11  or Musk intentionally interfered with Plaintiff's alleged USSA employment contract; (2) whether

12  Defendant USSA breached the alleged employment contract with Plaintiff; (3) whether Plaintiff

13  was terminated because of his alleged reports of misconduct; (4) whether Plaintiff incurred any

14  damages; and (5) Defendants' affirmative defenses.

15  **V.   DISCOVERY PLAN.**

16      As an initial matter, the parties stipulated and request that November 25, 2019, the date of

17  all counsels' Fed. R. Civ. P. 26(f) telephone conference, serve as the commencement of the 180-

18  day duration for the discovery cut-off date.  This stipulation arises out of the initial delays in

19  effecting service on Defendant USSA.  The proposed extension is intended to prevent any unjust

20  loss of time to participate in the valuable discovery process.  Pursuant to L.R. 26-1(b)(1), all

21  discovery must be completed within 180 days from the date on which the first answering defendant

22  answers or appears.  However, when Defendants Musk and Tesla answered Plaintiff's Complaint

23  on September 19, 2019, Defendant USSA had yet to be served.  Given the complexities that are

24  likely to arise and extensive discovery necessary based on the nature of the claims at issue, all

25  parties agree the discovery process will be hindered if the Court does not grant the requested

26  extension.  With the exception of calculating the 180-day deadline for the close of discovery on the

27  date of counsel's conference (November 25, 2019), rather than the date the first defendant

28  answered or appeared (September 19, 2019), the designated time frames outlined in Local Rule 26

1  will remain the same.

2        **A.**    **Initial Disclosures**.

3        The parties stipulated to exchange initial disclosures pursuant to Federal Rule of

4  Civil Procedure 26(a)(1) on or before **Monday, December 23, 2019**.  The parties do not believe

5  that any changes need be made in the form or requirement for disclosures at this time.

6        **B.**    **Discovery Cut-Off Date**

7        Pursuant to L.R. 26-1(b)(1), all discovery must be completed within 180 days from

8  the date on which the first answering defendant answers or appears.  As discussed above, the

9  parties stipulated to modify this to 180 days after the parties' initial conference on November 25,

10 2019.  Thus, the parties have stipulated to a discovery cut-off date of **Monday, May 25, 2020.**

11       **C.**    **Disclosure of Expert Testimony.**

12       Disclosure of experts shall proceed according to L.R. 26-1(b)(3) which requires that

13 expert disclosures be made 60 days before the discovery cut-off date, which is **Thursday, March**

14 **26, 2020**, and rebuttal-expert disclosures will be made 30 days after the initial disclosure of experts,

15 which would be **Monday, April 27, 2020.**

16       **D.**    **Electronically Stored Information ("ESI") and Electronic Evidence.**

17       The parties have not encountered any issues with ESI, but will cooperate with each

18 other to resolve any related issues that arise during discovery.  All parties intend to provide

19 evidence in electronic format. L.R. 26-1(b)(9).

20       **E.**    **Privilege or Protective Orders.**

21       The Parties anticipate a stipulated confidentiality protective order for confidential,

22 sensitive and trade secret- related information likely to be exchanged during this action.

23 Defendants will provide a Proposed Stipulated Protective Order to Plaintiff for consideration.

24 Once Plaintiff approves the draft, the parties will submit the Order to the Court for its consideration

25 and approval as necessary to comply with L.R. 26-7 and Fed. R. Civ. P. 26(c).

26       **F.**    **Amending the Pleadings and Adding Parties.**

27       The parties shall file any motions to amend the pleadings or to add parties by

28 **Tuesday, February 25, 2020**, which is 90 days before the close of Discovery. L.R. 26-1(b)(2).

**G.      Interim Status Report.**

**NOT REQUIRED.**

**H.      Dispositive Motions.**

The parties shall have until **Wednesday, June 24, 2020,** to file dispositive motions, which is 30 days after the close of discovery. L.R. 26-1(b)(4).

**I.      Pretrial Order.**

The parties will file a Joint Pre-Trial Order by **Friday, July 24, 2020** which is not more than 30 days after the date set for filing dispositive motions in this case. L.R. 26-1(b)(5).  The deadline will be suspended if dispositive motions are pending or until further order of the Court. *Id*. The disclosure required by Fed. R. Civ. P. 26(a)(3) and objections thereto, shall be made in the pre-trial order. L.R. 26-1(b)(6).

**J.      Alternative Dispute Resolution.**

The parties met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation. L.R. 26-1(b)(7). The parties agreed it is premature to reach a determination on this issue at this early juncture in the case.  The Parties reserve the right to evaluate alternative dispute resolution options as litigation continues.

**K.      Alternative Forms of Case Disposition.**

The parties have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program and have agreed that such alternative forms of case disposition are inappropriate for this case. L.R. 26-1(b)(8)

**L.      Limitations on Discovery**

The parties do not anticipate the need for any limitations on discovery at this time.

**M.      Additional Orders from the Court**

The parties have met and conferred and discussed the likelihood that Plaintiff's deposition will require more than the seven-hour limitation under Fed. R. Civ. P. 30(d)(1).  All

1  parties stipulate to two days for plaintiff's deposition, subject to further discussion should the need

2  for additional time arise.

3  Jointly and respectfully submitted:

4  Dated:  December 9, 2019          WATKINS & LETOFSKY, LLP

5                                    */s/ Joseph M. Ortuno*

6                                    _____
                                     Joseph M. Ortuno, Esq.
                                     *Attorney for Karl Hansen*
7

8
   Date:  December 9, 2019          SEYFARTH SHAW LLP
9
                                    */s/ Christopher F. Robertson*
10
                                    _____
                                    Christopher F. Robertson, Esq.
11
                                    -and-
12
                                    SYKLAR WILLIAMS, PLLC
13
                                    */s/ Crane M. Pomerantz*
14
                                    _____
15                                  Crane M. Pomerantz, Esq.

16                                  *Attorneys for Elon Musk, Tesla, Inc., and
                                    Tesla Motors, Inc.*
17

18

19 Date:  December 9, 2019          MARTENSON, HASBROUCK & SIMON LLP

20                                  */s/ Jeremy T. Naftel*

21                                  _____
                                    Jeremy T. Naftel
22
                                    -and-
23
                                    HOLLAND AND HART, LLP
24
                                    */s/ Matt T. Cecil*
25
                                    _____
26                                  Matt T. Cecil

27                                  *Attorneys for U.S. Security Associates*

28

1   IT IS SO ORDERED:

2

3   DATED: December 10, 2019.

_William G. Cobb_

4                                          UNITED STATES MAGISTRATE JUDGE
                                           Hon. William G. Cobb
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28