1  MATTHEW T. CECIL
   Nevada State Bar No. 9525
2  HOLLAND & HART LLP
   9555 Hillwood Drive, 2nd Floor
3  Las Vegas, NV 89134
   Tel: (702) 669-4600
4  Fax: (702) 669-4650
   Email: MTCecil@hollandhart.com
5

6  JEREMY T. NAFTEL
   California State Bar No. 185215
7  JANINE M. BRAXTON
   California State Bar No. 296321
8  ALEX A. SMITH
   California State Bar No. 317224
9  MARTENSON, HASBROUCK & SIMON LLP
10 455 Capitol Mall, Suite 601
   Sacramento, California 95814
11 Email: jnaftel@martensonlaw.com
           jbraxton@martensonlaw.com
12         alexsmith@martensonlaw.com
13
   Attorneys for Defendant
14 U.S. SECURITY ASSOCIATES

15 **UNITED STATES DISTRICT COURT**

16 **DISTRICT OF NEVADA**

| | |
|---|---|
| 17  KARL HANSEN, | CASE NO.: 3:19-cv-00413-LRH-WGC |
| 18             Plaintiff, | |
| 19       v. | **DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS (ECF No. 39)** |
| 20  ELON MUSK; TESLA, INC.; TESLA MOTORS, INC.; U.S. SECURITY ASSOCIATES; DOES 1 THROUGH 50, | |
| 21 | |
| 22             Defendants. | **ORAL ARGUMENT REQUESTED** |
| 23 | |

24  Defendant U.S. SECURITY ASSOCIATES, INC. ("USSA") files this Reply Brief in support

25 of its Motion to Compel Arbitration and Dismiss and Stay Proceedings (ECF No. 44, hereafter the

26 "Motion") and respectfully requests the Court grant its Motion and enforce the arbitration agreement

27 between the parties and compel Plaintiff to arbitrate the claims which fall under the agreement.

28

## I. INTRODUCTION

Plaintiff does not dispute the existence or the validity of the binding arbitration agreement in which USSA is an expressly named as an intended third-party beneficiary (ECF No. 39-5, §13, hereafter the "Arbitration Agreement"). Moreover, Plaintiff does not dispute that he willingly and voluntarily agreed to its terms. Instead, Plaintiff's Opposition argues that USSA waived its right to compel arbitration by waiting to file the Motion over eight months after the Complaint was filed and over four months after USSA answered the Complaint. Plaintiff's argument misses the mark.

In arguing that USSA waived its right to compel arbitration, Plaintiff's Opposition painstakingly details the number of days, weeks, and months between the date the Motion was filed and the dates Plaintiff filed his Complaint, and the dates USSA answered and complied with other court orders and statutory case management filing deadlines (e.g. initial disclosures, Rule 26(f) Joint Statement). Yet, Plaintiff ignores a crucial fact – USSA was unaware of its status as an express third-party beneficiary of the Arbitration Agreement until December 17, 2019 – more than a month after it answered the Complaint. Declaration of Janine Braxton ("Braxton Decl.") at ¶ 4. Likewise, Plaintiff failed to demonstrate it would suffer any prejudice in granting the Motion.

Plaintiff's attempt to evade his contractual obligations under the terms of the Arbitration Agreement should be rejected by the Court in favor of arbitration. Indeed, Plaintiff failed to meet his burden and the Motion should be granted.

## II. ARGUMENT

To prove a party waived its right to compel arbitration the opposing party must prove three elements: first, that the moving party knew it had an existing right to compel arbitration; second, that the moving party committed acts that were inconsistent with the right to compel arbitration; and third, that the opposing party would suffer prejudice because of the moving party's inconsistent acts." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (citation omitted).

In the Ninth Circuit a court finding the "[w]aiver of a contractual right to arbitration is not favored." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (citations omitted). In this regard, the Ninth Circuit Court of Appeals has said: "[a]ny examination of whether the right

to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements. *Id.* citing *Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983) (as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the issue is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability).[1]  Indeed, the "the purpose of the Arbitration Act was to ensure judicial enforcement of privately made agreements to arbitrate". *Fisher*, 791 F.2d at 694 (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)). Accordingly, "any party arguing waiver of arbitration bears a heavy burden of proof." *Fisher*, 791 F.2d at 694. (citations omitted).

In this case, Plaintiff has a heavy burden because he claims USSA waived its right to compel arbitration. As shown below, Plaintiff has not met this heavy burden and the Motion to Compel Arbitration should be granted.

**A.   USSA was Unaware of the Arbitration Agreement when it Answered the Complaint**

Plaintiff knew when he filed his Complaint against USSA that he had signed the Arbitration Agreement identifying USSA as a third-party beneficiary of it, and therefore, filed the Complaint in breach of the Arbitration Agreement.  USSA, on the other hand, was unaware of the Arbitration Agreement when it answered the Complaint on November 12, 2019.  Braxton Decl. at ¶4. Plaintiff speculates that USSA knew of the underlying Arbitration Agreement between Tesla and Plaintiff in or around July of 2018 when it was executed. ECF No. 45, at 2.  There is no evidence before the Court to support Plaintiff's self-serving belief that USSA knew about the Arbitration Agreement when it was executed in 2018.

Instead, and as outlined in USSA's moving papers, the evidence shows USSA first learned it was an express third-party beneficiary of the Arbitration Agreement on December 17, 2019. *Id.*

---

[1] Also citing *Shinto Shipping Co., Ltd. v. Fibrex & Shipping Co.*, 572 F.2d 1328, 1330 (9th Cir.1978) (waiver is not favored and the facts must be viewed in light of the strong federal policy supporting arbitration agreements).

Accordingly, the Court should find that USSA was unaware of its rights under the Arbitration Agreement when the Arbitration Agreement was executed and when USSA answered the Complaint.

**B.   USSA Has Not Acted Inconsistent with its Right to Compel Arbitration.**

Plaintiff asserts that USSA has acted inconsistent with its right to compel arbitration by filing its Motion over four months after answering the Complaint and by complying with the Court's rules and orders. Plaintiff cited *Martin* and cases therein to argue that USSA waived its rights by waiting to file its Motion: ECF No. 45 at 4. However, the examples cited are incompatible with USSA's actions. Before filing its Motion USSA did not actively litigate the matter to take advantage of being in federal court, file dispositive motions, conduct discovery, litigate motions, or argue a preliminary injunction. *Id.* Simply put, USSA did not actively try to litigate this matter – instead, after discovering the Arbitration Agreement it continued to comply with the Court's orders and rules, and shortly thereafter, filed the Motion. In this regard, "parties **do not act inconsistently** with a right to compel arbitration when they engage in litigation activities that do not evince a decision to take advantage of the judicial forum." *Newirth by & through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019). Indeed, Plaintiff failed to identify any of USSA's litigation activities since December 17, 2019, when it discovered the Arbitration Agreement, that "evince[d] a decision to take advantage of the judicial forum." Accordingly, USSA has not acted inconsistent with its rights to compel arbitration.

Furthermore, Plaintiff tries to confuse the issue by shifting focus from when the Motion to Compel Arbitration was filed to when he believes USSA knew that Plaintiff had signed an arbitration agreement to which USSA was a third-party beneficiary. Regardless, the fact remains that USSA filed the Motion just over four months after answering the Complaint and just over three months after discovering the Arbitration Agreement. Waiting three to four months to file a motion to compel arbitration does not equate to waiver of the right to enforce an arbitration agreement. In this regard, the Ninth Circuit explained, in the context of a party who moved for arbitration after litigating a matter for 17 months, that "a party's **extended silence and delay** in moving for arbitration **may** indicate a conscious decision to continue to seek judicial judgment on the merits of the arbitrable

claims." *Martin*, 829 F.3d at 1125 (emphasis added, citations, internal quotations, and brackets omitted).

In this case, USSA has not litigated the matter for well over a year or engaged in an extended silence and delay before moving to compel arbitration. Instead, USSA reasonably filed its Motion after learning about the Arbitration Agreement. In doing so, USSA acted consistent with its rights to enforce the Arbitration Agreement. *See for example Okada v. Nevada Property 1, LLC*, 2015 WL 5458799 (2015).

In *Okada* the defendant knew it had the right to compel arbitration when the complaint was filed. *Id.* at *1.[2] Before moving to compel arbitration, the defendant filed two motions to dismiss and to transfer venue. *Id.* In fact, the court granted in part the first and second motions to dismiss and granted the second motion transfer venue. *Id.* Thereafter, the defendant filed its motion to compel arbitration[3] in the new venue – seven months after the complaint was originally filed and over five months after the first motion to dismiss[4] had been filed. *Id.* In opposition, the plaintiff argued the defendant had waived its right to compel arbitration by filing the motions to dismiss and for a new venue and waiting for the court to rule on those motions before seeking to compel arbitration. *Id.* Judge Lloyd George considered the factors referenced above to determine whether the defendant waived its right to compel arbitration and determined that the defendant promptly moved to compel arbitration and that asking a court to determine whether claims were properly plead was not inconsistent with the right to compel arbitration. *Id.* Accordingly, the court found the defendant had not waived its rights and granted the motion to compel arbitration. *Id.* at 4.

Plaintiff's recapitulation of the procedural and rather mundane court filings to date (none of which involve litigation of any issue on the merits), falls woefully short of demonstrating waiver. Contrary to Plaintiff's contention, USSA did not sit idly on its right to compel arbitration or engage

---

[2] The complaint was filed on March 3, 2014. *See Case No.* 2:14–cv–01601 ECF No. 01

[3] The motion to compel arbitration was filed on October 23, 2014. *See Case No.* 2:14–cv–01601 ECF No. 41

[4] The first motion to dismiss was filed on May 7, 2014. *See Case No.* 2:14–cv–01601 ECF No. 10

in conduct inconsistent with arbitration. Further, as shown below, Plaintiff cannot reasonably identify any prejudice. As such, the Motion should be granted.

### C. Plaintiff Agreed that as of December 9, 2019 it was premature to know whether the Parties should Arbitrate the Matter.

On December 9, 2019, Plaintiff's former counsel agreed in the parties Rule 26(f) Joint Scheduling Conference Report that with respect to alternative dispute resolution (including mediation and arbitration), that "it is premature to reach a determination on this issue at this early juncture in the case." Joint Scheduling Conference Report Pursuant to Rule 26(F) ("ECF No. 27"), at 6, ¶ J. The Court subsequently approved and signed the joint order. *Id.* Plaintiff agreed that as of December 9th it was premature to know whether the parties should arbitrate the matter. Consequently, Plaintiff's current counsel cannot now adopt a contrary position that USSA should have moved to compel arbitration before December 9, 2019.

### D. Plaintiff Has Shown No Prejudice

A party opposing a motion to compel arbitration is not prejudiced by self-inflicted damage "incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement." *Martin*, 829 F.3d at 1126; see also *Fisher*, 791 F.2d at 698. If a party opposing a motion to compel previously agreed to arbitrate disputes, and thereafter breaches that agreement by filing a complaint, then "[a]ny extra expense incurred as a result of the [opposing party's] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [the moving party]." *Fisher*, 791 F.2d at 698. "Accordingly, a plaintiff that has breached its arbitration agreement is not prejudiced by costs incurred in preparing the complaint, serving notice, and litigating non-merits issues (such as jurisdiction or venue)." *Newirth*, 931 F.3d at 943 (citation omitted). Likewise, such a plaintiff does not suffer prejudice by legal fees and costs "incurred due to substantial discovery in federal court, even though such discovery would be rendered nugatory by a direction that arbitration now be had." *Id.* (citations omitted). Lastly, a party opposing arbitration does not suffer and therefore cannot show prejudice by "the possibility that there may be some duplication from ... parallel proceedings" in litigation and compelled arbitration. *Fisher*, 791 F.2d at 698.

///

Plaintiff may establish prejudice by demonstrating:

- "incurred costs that they would not otherwise have incurred" as a result of a delayed motion to compel arbitration. *Martin*, 829 F.3d at 1126 (citation omitted).
- "that [Plaintiff] would be forced to relitigate an issue on the merits on which [he has] already prevailed in court." *Id.*
- "that the defendants have received an advantage from litigating in federal court that they would not have received in arbitration." *Id.* (citation omitted).

Plaintiff does not assert he will be prejudiced by any of these. Specifically, Plaintiff does not:

(1) identify any specific costs incurred due to the timing of USSA's motion to compel arbitration that he would not have otherwise incurred;

(2) allege that he would be required to relitigate any issue on the merits already decided by this Court in his favor (because there are none); or

(3) allege that USSA has received any advantage from litigating in federal court (because it has not).

Indeed, Plaintiff failed to identify any cognizable prejudice stemming from this Motion.

Instead, Plaintiff claims granting USSA's Motion "will result in the litigation starting anew as opposed to concluding in less than three months and will cause profound delay and additional expenses rather than being an 'efficient, effective, and less expensive means of resolving disputes.'" ECF No. 45, at 6. To the extent Plaintiff's alleged prejudice is based on "litigation starting anew," and "additional expenses" resulting therefrom, such costs are self-inflicted as a result of Plaintiff filing this lawsuit in contravention of the Arbitration Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

In light of the foregoing, Defendant respectfully submits that Plaintiff failed to carry its heavy burden to oppose the Motion, and requests an order compelling arbitration and dismissal of Plaintiff's breach of contract claim, or alternatively, a stay of litigation pending the conclusion of arbitration.

Dated: April 14, 2020        HOLLAND & HART LLP

By:  */s/ Matthew T. Cecil*
             Matthew T. Cecil

Dated: April 14, 2020        MARTENSON HASBROUCK & SIMON LLP

By:  */s/ Alex A. Smith*
             Jeremy T. Naftel
             Janine M. Braxton
             Alex A. Smith