Nicholas Woodfield, Esq.
*Pro Hac Vice,* DC471801
The Employment Law Group, P.C.
888 17th Street, N.W., Suite 900
Washington, D.C. 20006
(202) 261-2812
nwoodfield@employmentlawgroup.com

Joshua D. Buck, Esq.
Nev. Bar No. 12187
Mark Thierman, Esq.
Nev. Bar No. 8285
Leah L. Jones, Esq.
Nev. Bar No. 13161
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV 89511
Phone: (775) 284-1500
josh@thiermanbuck.com

*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **KARL HANSEN,** | ) |
| *Plaintiff*, | ) Case No. 3-19-cv-00413-LRH-WGC |
| v. | ) **Plaintiff's Rule 37 Motion to Compel** |
| | ) **Discovery Responses and Memorandum** |
| **ELON MUSK; TESLA, INC.; TESLA** | ) **of Points and Authorities** |
| **MOTORS, INC.; U.S. SECURITY** | ) |
| **ASSOCIATES;** *et al*. | ) |
| | ) **Oral Argument Requested** |
| *Defendants*. | ) |
| | ) |

COME NOW Plaintiff, by and through counsel, and moves the Court pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel Defendants Tesla, Inc., Tesla Motors, Inc., Elon Musk, and U.S. Security Associates, Inc. to provide complete and responsive discovery responses to Plaintiff's Interrogatories and Requests for Production of Documents.

1

**Uncontested Facts**

Plaintiff filed his complaint in this matter on July 10, 2019. Defendants Tesla, Inc., Tesla Motors, Inc., Elon Musk filed an answer on September 19, 2019, and USSA filed its answer on November 12, 2019. This Court's scheduling order permitting discovery was filed on November 29, 2006. On February 20, 2020, Plaintiff served his first Interrogatories to all Defendants, Ex. A, and his first Requests for Production of Documents to all Defendants. Ex. B.

The Tesla Parties served on March 20, 2020, their responses and objections to Plaintiff's First Interrogatories and Requests for Production to Defendants. Ex. C. On March 23, 2020, USSA's served its responses and objections Plaintiff's First Interrogatories to Defendants, Ex. D, and its responses and objections to Plaintiff's Requests for Production to Defendants. Ex. E. The Tesla Parties have refused to answer any interrogatories or provide any documents in response to Plaintiff's requests for production, declaring "Tesla Parties object to all discovery pending resolution of the Motion, as it is premature and a waste of party resources. The Tesla Parties will respond to the Written Discovery within 15 days of a decision on the Motion by the Court, as necessary." Ex. C. USSA has refused to answer any interrogatories or provide any documents in response to Plaintiff's requests for production, declaring that it planned to ask "the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3." Exs. D & E. In sum, Defendants have taken the position that because they filed motions to compel arbitration of *some* claims made by Plaintiff after Plaintiff propounded discovery on Defendants that *all* discovery in this matter is automatically stayed and therefore they relieved of any obligation to substantively respond to Plaintiff's properly propounded and served discovery requests.

**Argument**

Plaintiff asks the Court to compel Defendants, pursuant to Fed. R. Civ. P. 37, to respond to Plaintiffs' Interrogatories and Requests for Production of Documents. As the basis for this motion, Plaintiff submit that Defendants' wholesale refusal to respond to all discovery for an indeterminate period of time without first seeking protective order or actually securing a stay of all proceedings in this matter is a flagrant violation of Fed. R. Civ. P. 37.

USSA has asked the Court to compel arbitration of Plaintiff's Count II, his claim for breach of contract claim against USSA. It has also asked the Court to stay the prosecution of Plaintiff's SOX whistleblower retaliation claims, which pursuant to 8 U.S.C. § 1514(e)(2) cannot be required to be compelled to arbitration. No stay of discovery on any claim has been granted, but USSA relies on an assumption that this might be forthcoming someday to refuse to respond to properly propounded and served discovery at this time.

Similarly, the Tesla Parties have asked the court compel arbitration of Plaintiff's Count I, his claim for intentional interference with contractual relations against the Tesla Parties based on Plaintiff's subsequent employment with Defendant US Security Associates, Inc. The Tesla Parties have also asked the Court to stay the prosecution of Plaintiff's SOX whistleblower retaliation claims, which cannot be required to be compelled to arbitration. No stay of discovery on this or any claim has been granted, but the Tesla Parties rely on an assumption that this might be forthcoming someday to refuse to respond to properly propounded discovery at this time.

In light of the foregoing, Plaintiff asks that his motion to compel the production of discovery be granted and that all Defendants be ordered to produce complete discovery responses to Plaintiffs interrogatories and requests for production of documents within 15 days of the Court's order granting this motion.

**LR 26-7 & LR IA 1-3(f) DECLARATION**

The undersigned made a good faith effort to meet and confer as required by LR 26-7 and as defined in LR IA 1-3(f) before filing this motion. Specifically, on Tuesday, March 24, 2020, the undersigned engaged ina a meet and confer telephone conference with counsel for all Defendants. Counsel for the parties discussed in detail Plaintiff's discovery requests and the information sought in same, as well as Defendants' responses thereto. Counsel for Defendants reiterated their positions set forth in the attached responses, and in an effort to find middle ground the undersigned agreed to forbear on filing this motion for a brief period in order to see whether a ruling on the Defendants' motions to compel arbitration might be issued in short order. No ruling has been received to date, and so on April 17, 2020, the undersigned advised counsel for Defendants as follows:

> We have let this lie fallow for three and a half weeks, and it is unclear when the judge is going to rule on the arbitration motions. We agreed to wait for a while to see if we received a quick ruling, but that hasn't happened yet.
>
> Given that I can't let Mr. Hansen be potentially prejudiced if the judge rules in his favor and we have a finite period to conduct discovery, I plan on filing the motion to compel. I will advise that we have met and conferred and that we were not able to resolve the motion.

Hence despite a sincere effort to resolve and narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention. I solemnly declare and affirm, under penalty of perjury, that the contents of the foregoing paper are true and correct to the best of my knowledge, information and belief.

/s/ Nicholas Woodfield
Nicholas Woodfield, Esq.

Karl Hansen
*By Counsel*


/s/ Nicholas Woodfield
Nicholas Woodfield, Esq.
*Pro Hac Vice,* DC471801


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April, 2020, a true and correct copy of the foregoing was served via ECF upon the following:

| | |
|---|---|
| Crane M. Pomerantz<br>Sklar Williams, PLLC<br>410 South Rampart Blvd., Suite 350<br>Las Vegas, Nevada 89145<br>cpomerantz@sklar-law.com<br><br>Christopher F. Robertson<br>Anne V. Dunne<br>Seyfarth Shaw LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, Massachusetts 02210-2028<br>crobertson@seyfarth.com<br>adunne@seyfarth.com<br><br>*Attorneys for Defendants Elon Musk, Tesla, Inc., and Tesla Motors, Inc.* | Dora V. Lane<br>Matthew T. Cecil<br>Jordan Walsh<br>Holland & Hart LLP<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134<br>dlane@hollandhart.com<br>mtcecil@hollandhart.com<br>sjwalsh@hollandhart.com<br><br>Jeremy T. Naftel<br>Janine M. Braxton<br>Alex A. Smith<br>Martenson, Hasbrouck & Simon LLP<br>455 Capitol Mall, Suite 601<br>Sacramento, CA 95814<br>jnaftel@martensonlaw.com<br>jbraxton@martensonlaw.com<br>alexsmith@martensonlaw.com<br><br>*Attorneys for Defendant*<br>*U.S. Security Associates* |

/s/ Nicholas Woodfield
Nicholas Woodfield, Esq

5