# Ex. A – Plaintiff's First Interrogatories to Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KARL HANSEN, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 3-19-cv-00413-LRH-WGC ) |
| ELON MUSK; TESLA, INC.; TESLA MOTORS, INC.; U.S. SECURITY ASSOCIATES; *et al.* | ) ) ) ) |
| *Defendants*. | ) ) ) |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS**

These interrogatories are served pursuant to Rule 33 of the Federal Rules of Civil Procedure. You are required to respond within thirty (30) days after service.

Answer each interrogatory separately, in writing. In answering the interrogatories, please furnish all information available to you, including information possessed by any agent, employee, or attorney representing you. These interrogatories are continuing in nature. If you obtain further material information in the course of discovery, you are required to supplement your answers promptly.

**DEFINITIONS**

For the purposes of these interrogatories, the terms used herein shall have the following meanings unless the context requires otherwise:

    a.    Defendants Elon Musk, Tesla, Inc., Tesla Motors, Inc., and U.S. Security Associates.

    b.    "Hansen" or "Plaintiff" means Plaintiff Karl Hansen.

    c.    "Hansen's Complaint" means the Complaint Hansen filed with the District Court for the District of Nevada on July 19, 2019, with civil action number 3:19-cv-00413.

1

  d. "Communication" means all oral conversations, discussions, letters, email, telegrams, memoranda, and any other transmission of information in any other form, both oral and written.

  e. "Document" or "Documents" refers to all written, typed or printed matter, electronically stored information, electronic mail (including all attachments thereto), and all magnetic or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, instant messages, Google chats, Gchats, Google Hangout chats, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, as well as electronic records, including, but not limited to, e-mail, spreadsheets, databases, and other electronically recorded or stored information, including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by the Defendants.

  f. "File" means any collections or group of documents maintained, held, stored or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

  g. "Person" means all entities associated with you or otherwise with knowledge of the facts of this case, including without limitation, all predecessors in interest, individuals, officers, board members, associates, groups, organizations, partnerships, internal departments, and public agencies.

  h. The words "supervisor" and "supervisory" refer to persons within the Defendants' management hierarchy who were considered by the Defendants to be or have been Plaintiff's superior. This includes any individual from whom Plaintiff received direction, guidance, or instruction or to whom Plaintiff reported his activities for evaluation, and those who were authorized by the Defendants to formally evaluate the quality of Plaintiff's performance, to recommend or decide questions of promotion, payment of bonuses, increases or decreases in compensation, and changes in job duties and responsibilities.

  i. "Relating to" and "relates to" mean, without limitation, embodying, mentioning, evidencing or concerning, directly or indirectly, the subject matter identified in the document request.

  j. "Disciplinary History" and "Disciplinary Actions" shall mean any formal or informal, both verbal and written, admonitions, counseling warnings, counseling plans, performance improvement plans, suspensions, punishment, sanction, fine, and any resulting tangible employment actions.

k.      "Including" means "including but not limited to."

l.      Notwithstanding any definition set forth above, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under law, rule, and/or regulation.

## INSTRUCTIONS

1. The following Interrogatories call not only for the knowledge of the Defendants, but also for all knowledge that is available to the Defendants by reasonable inquiry, including inquiry of the Defendants' representatives, agents, employees, and attorneys.

2. For each document or other requested information asserted to be privileged or otherwise excludable from discovery, identify that document or other requested information. State the specific basis for such claim of privilege or other ground for exclusion. For each such document, state the date of the document, the name, job title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

3. Whenever you are requested to give specific information, such as a date or figure, and you cannot give the exact information, state that you cannot give the exact information and give your best estimate thereof.

4. In response to each interrogatory, identify each person who participated in the preparation of the response, including without limitation, all persons who drafted proposed or actual responses or who provided information or documents to be used in the preparation of responses, and identify and describe each file and each document consulted or referred to in the preparation of the answer.

5. Unless otherwise specified, each interrogatory requires a continuing response, and you are requested to reasonably supplement or amend your responses to these Interrogatories based upon any and all information and documents obtained after filing such responses.

6. Unless stated otherwise, the applicable time period for each of these discovery requests is January 1, 2018, to the present.

7. Unless otherwise specified, each Interrogatory requires a continuing response, and you are requested to reasonably supplement or amend your responses to these Interrogatories based upon any and all information and documents obtained after filing such responses.

8. Capitalization or non-capitalization of defined terms is irrelevant.

9. The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the discovery request more inclusive.

10. If you believe that any discovery request is overly broad or unduly vague, you are instructed to respond to the discovery request and to indicate the limitation you have given to it and any definition you have given to obviate your objection.

11. References to masculine, feminine, or neutral gender shall be construed as masculine, feminine, or neutral so as to render the discovery request as inclusive as possible.

12. The term "any" shall mean "any and all" or "each and every," and shall be construed to render the discovery request as inclusive as possible.

13. Terms that are singular shall be construed as plural and terms that are plural shall be considered singular so as to render each discovery request as inclusive as possible.

### Interrogatories

1. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, and state that person's name position, tenure in that position, and a detailed description of the information possessed by that person.

2. Describe the job title, job description, compensation structure, including bonus potential, and criteria for performance evaluation for any position held by Hansen with any Defendant in 2018.

3. Identify all persons in Hansen's supervisory chain during his employment with Defendants.

4. Identify and describe the information and criteria that Defendants relied upon in issuing Hansen any negative performance evaluations and/or discipline.

5. Identify and describe the criteria used in the decision to terminate Hansen in June/July 2018 and in September of 2018.

6. Identify all individuals involved in Hansen's termination decisions and set forth their involvement in same, and set forth the factors, policies and rationales behind each termination decision.

7. Identify and explain in detail Defendants' knowledge of any complaint or communication by Hansen to the Securities Exchange Commission in 2018.

8. Identify and explain in detail Defendants' communications with the Securities Exchange Commission about any complaints Defendants believed to have been made by Hansen.

9. Identify and explain in detail Defendants' investigations of thefts occurring at Elon Musk, Tesla, Inc., and Tesla Motors, Inc.'s Gigafactory from 2017 to the present,

including the cost to Elon Musk, Tesla, Inc., and Tesla Motors, Inc. and their investors, and any and all information communicated to investors concerning the thefts.

10. Identify and explain in detail Defendants' investigations of the association of Mexican drug cartel members and their alleged narcotic trafficking at the Gigafactory from 2017 to the present, including any and all information communicated by Elon Musk, Tesla, Inc., and/or Tesla Motors, Inc. to investors concerning the cartel involvement.

11. Identify and explain in detail any complaints or allegations made by Hansen when he was employed by any Defendant.

12. Identify and explain in detail any complaints or allegations leveled against Hansen when he was employed by any Defendant or thereafter.

    Karl Hansen
    *By Counsel*

    /s/ Joshua D. Buck
    Joshua D. Buck, Esq.
    Mark Thierman, Esq.
    Leah L. Jones, Esq.
    Thierman Buck LLP
    7287 Lakeside Drive
    Reno, NV 89511
    Phone: (775) 284-1500
    Fax: (775) 703-5027
    josh@thiermanbuck.com

    Nicholas Woodfield, Esq.
    *Pro Hac Vice to be Filed*
    R. Scott Oswald, Esq.
    *Pro Hac Vice to be Filed*
    The Employment Law Group, P.C.
    888 17th Street, N.W., Suite 900
    Washington, D.C. 20006
    (202) 261-2812
    (202) 261-2835 (facsimile)
    nwoodfield@employmentlawgroup.com
    soswald@employmentlawgroup.com
    *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2020, a true and correct copy of the foregoing Plaintiff's First Interrogatories to Defendants were served via electronic mail and via United States Mail, First Class Postage prepaid, upon the following counsel for the Defendants:

Crane M. Pomerantz
Sklar Williams, PLLC
410 South Rampart Blvd., Suite 350
Las Vegas, Nevada 89145
cpomerantz@sklar-law.com

Christopher F. Robertson
Anne V. Dunne
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028
crobertson@seyfarth.com
adunne@seyfarth.com

*Attorneys for Defendants Elon Musk, Tesla, Inc., and Tesla Motors, Inc.*

Dora V. Lane
Matthew T. Cecil
Jordan Walsh
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
dlane@hollandhart.com
mtcecil@hollandhart.com
sjwalsh@hollandhart.com

Jeremy T. Naftel
Janine M. Braxton
Alex A. Smith
Martenson, Hasbrouck & Simon LLP
455 Capitol Mall, Suite 601
Sacramento, CA 95814
jnaftel@martensonlaw.com
jbraxton@martensonlaw.com
alexsmith@martensonlaw.com

*Attorneys for Defendant U.S. Security Associates*

/s/ Joshua D. Buck
Joshua D. Buck, Esq.