# Ex. B – Plaintiff's First Requests for Production to Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KARL HANSEN, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>ELON MUSK; TESLA, INC.; TESLA )<br>MOTORS, INC.; U.S. SECURITY )<br>ASSOCIATES; *et al.* )<br>)<br>*Defendants*. )<br>) | Case No. 3-19-cv-00413-LRH-WGC |

**PLAINTIFF'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

These Requests for Production of Documents are served pursuant to Rule 34 of the Federal Rules of Civil Procedure. You are required to respond within thirty (30) days after service.

Answer each Request separately, in writing. In answering the Requests, please furnish all information available to you, including information possessed by any agent, employee, or attorney representing you. These Requests are continuing in nature. If you obtain further material information in the course of discovery, you are required to supplement your answers promptly.

**DEFINITIONS**

For the purposes of these Requests, the terms used herein shall have the following meanings unless the context requires otherwise:

a. "You," "Your," or "Defendants" means Defendants Elon Musk, Tesla, Inc., Tesla Motors, Inc., and U.S. Security Associates.

b. "Hansen" or "Plaintiff" means Plaintiff Karl Hansen.

1

  c. "Hansen's Complaint" means the Complaint Hansen filed with the District Court for the District of Nevada on July 19, 2019, with civil action number 3:19-cv-00413.

  d. "Communication" means all oral conversations, discussions, letters, email, telegrams, memoranda, and any other transmission of information in any other form, both oral and written.

  e. "Documents" means all written, typed or printed matter, electronically stored information, electronic mail (including all attachments thereto), and all magnetic or other records or documentation of any kind or description (including, without limitations, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, instant messages, Google chats, Gchats, Google Hangout chats, microfilm, bulletins, circulars, pamphlets, photographs, artist's renderings, invoices, tape recordings, computer printouts and worksheets), including drafts and copies not identical to the originals, as well as electronic records, including, but not limited to, e-mail, spreadsheets, databases, and other electronically recorded or stored information, including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature in your actual or constructive possession, custody or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you.

  f. "File" means any collections or group of documents maintained, held, stored or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

  g. "Person" means all entities associated with you or otherwise with knowledge of the facts of this case, including without limitation, all predecessors in interest, individuals, officers, board members, associates, groups, organizations, partnerships, internal departments, and public agencies.

  h. "Relating to" and "relates to" mean, without limitation, embodying, mentioning, evidencing or concerning, directly or indirectly, the subject matter identified in the document request.

  i. "Disciplinary History" and "Disciplinary Actions" shall mean any formal or informal, both verbal and written, admonitions, counseling warnings, counseling plans, performance improvement plans, suspensions, punishment, sanction, fine, and any resulting tangible employment actions.

  j. The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the discovery request more inclusive.

  k. References to masculine, feminine, or neutral gender shall be construed as masculine, feminine, or neutral so as to render the discovery request as inclusive as possible.

l.      The term "any" means "any and all" or "each and every," and shall be construed to render the discovery request as inclusive as possible.

m.      "Including" means "including but not limited to."

n.      The present tense includes the past and future tenses.

o.      Terms that are singular shall be construed as plural and terms that are plural shall be considered singular so as to render each discovery request as inclusive as possible.

## INSTRUCTIONS

a.      Separately answer each part of each Request.

b.      To the extent a privilege is claimed with respect to any document covered by the Requests, you are requested to state, with respect to such document, the following as applicable:

1. The author of such document;
2. To whom such document is addressed;
3. The date upon which such document was prepared;
4. The title or heading of such document;
5. The type of document (e.g., hand-written note, memorandum, tape recording, journal, desk calendar, books of account, etc.);
6. Any other information that might be necessary to describe such document sufficiently for a designation thereof;
7. The present location and custodian of such document; and
8. The grounds for claiming privilege.

c.      Unless otherwise specified, each Request requires a continuing response, and you are requested to supplement or amend your responses to these requests based upon any and all information and documents obtained after serving such responses and to do so seasonably.

d.      For any requested document no longer in existence, or which cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons therefore, and identify each person having knowledge concerning such disposition or loss and each document evidencing its prior existence and/or the fact concerning such document's nonexistence or loss.

e.      If, in responding to these Requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

f.      When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a

document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

   g.  It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log will be required as to such material.

   h.  If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

   i.  In response to each Request, identify each person who participated in the preparation of the response, including without limitation, all persons who drafted proposed or actual responses or who provided information or documents to be used in the preparation of responses, and identify and describe each file and each document consulted or referred to in the preparation of the response.

   j.  The terms "any" and "all" shall mean "any and all" and "each and every," and shall be construed to render the discovery request as inclusive as possible.

   k.  "Including" means "including but not limited to."

   l.  The present tense includes the past and future tenses.

   m.  Terms that are singular shall be construed as plural and terms that are plural shall be construed singular so as to render each discovery request as inclusive as possible.

   n.  References to masculine, feminine, or neutral gender shall be construed as masculine, feminine, or neutral so as to render the discovery request as inclusive as possible.

   o.  If you believe that any discovery request is overly broad or unduly vague, you are instructed to respond to the discovery request and to indicate the limitation you have given to it and any definition you have given to obviate your objection.

   p.  The term "and" and the term "or" shall be construed either conjunctively or disjunctively, whichever shall render the discovery request more inclusive.

   q.  Capitalization or non-capitalization of defined terms is irrelevant.

   r.  Please produce electronic documents and/or electronically stored information in native format and in a concordance load file with metadata preserved.

      s.      Unless otherwise indicated, the time period applicable to these requests is limited to January 1, 2018, through present date.

      t.      Notwithstanding any definition set forth above, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## Request for Production of Documents

Please produce the following:

1. All documents identified in your answers to Plaintiff's Interrogatories to Defendants if not previously produced.

2. All documents identified during or mentioned in any deposition taken in this case.

3. Hansen's entire personnel file maintained by each and any Defendant.

4. All documents related to Defendants' hiring of Hansen at Tesla Inc. in 2018, and his subsequent termination, including Hansen's job description, the alleged restructuring in June and/or July of 2018 that was given as the cause for his termination, any discussions and communications concerning the decision and/or rationale to terminate Hansen, and a list of all other positions that were eliminated or changed in the same alleged restructuring that was the purported basis for terminating Hansen.

5. All documents related to Hansen's compensation and retirement benefits at Tesla, Inc., including possible salary increases and all fixed benefit plans.

6. All documents related to Defendants' knowledge of any complaint or communication by Hansen to the Securities Exchange Commission in 2018.

7. All documents related to Defendants' communications with the Securities Exchange Commission about any complaints Defendants believed to have been made by Hansen.

8. All documents related to Defendants' communications with the Securities Exchange Commission about any complaints made about theft and drug cartel involvement at the Gigafactory located at 1 Electric Ave., Sparks, Nevada, 89434.

9. All documents related to Defendants' hiring of Hansen by U.S. Security Associates in 2018 and his subsequent termination, including Hansen's job description, any discussions and communications concerning the decision to terminate Hansen, and a list of all other positions that were eliminated or changed at the same time.

10. All documents related to Hansen's compensation and retirement benefits at U.S. Security Associates, including possible salary increases and all fixed benefit plans.

11. All documents related to Defendants' rationale for terminating Hansen's employment with U.S. Security Associates in September of 2018.

12. All documents created or in use from 2017 to 2020 related to Defendants' investigations of thefts occurring at Elon Musk, Tesla, Inc., and Tesla Motors, Inc.'s Gigafactory, including the cost to Elon Musk, Tesla, Inc., and Tesla Motors, Inc. and their investors, including any and all information communicated to investors concerning the thefts.

13. All documents created or in use from 2017 to 2020 related to Defendants' investigations of the association of Mexican drug cartel members and their alleged narcotic trafficking at the Gigafactory, including any and all information communicated by Elon Musk, Tesla, Inc., and/or Tesla Motors, Inc. to investors concerning the cartel involvement.

14. All documentation relating any complaints or allegations made by Hansen when he was employed by any Defendant.

15. All documentation relating any complaints or allegations leveled against Hansen when he was employed by any Defendant.

16. All documentation relating any performance issues that might have been attributed to Hansen when he was employed by any Defendant.

17. All organizational charts showing Hansen's positions at Defendants in 2018 and 2019.

18. Any and all contracts between Elon Musk, Tesla, Inc., Tesla Motors, Inc., and U.S. Security Associates in 2018 and 2019 that governed any contract job with U.S. Security Associates that had Hansen working for Elon Musk, Tesla, Inc., and/or Tesla Motors, Inc.

19. Any policies on the creation and maintenance of data backups performed on all computer systems currently or previously in use, including:

    a. Any policies and communications that describe the procedures and devices used to back up, archive or otherwise store any electronic information and software applications, including but not limited to name(s) of backup software used, the frequency of the backup process, and type of tape backup drives, including name and version number, type of media (i.e. DLT, 4mm, 8mm, AIT). State the capacity (bytes) and total amount of information (gigabytes) stored on each tape.

    b. Any policies and communications that describe the tape or backup rotation, and backup policies and procedures, and explain how backup data is maintained and state whether the backups are full or incremental including all rotation schedules.

    c. Any policies and communications that describe whether backup storage media is kept off-site or on-site. Include the location of such backup and a description of the process for archiving and retrieving on-site media.

6

    d. Any policies and communications that identify the individual(s) who conducts the backup and the individual who supervises this process.

    e. Any policies and communications that describe all backup sets, regardless of the magnetic media on which they reside, showing current location, custodian, date of backup, a description of backup content and a full inventory of all archives.

    f. Any polices and communications that describe extra-routine backups applicable for any servers identified in response to these interrogatories, such as quarterly archival backup, yearly backup, etc.

    Karl Hansen
*By Counsel*

/s/ Joshua D. Buck
Joshua D. Buck, Esq.
Mark Thierman, Esq.
Leah L. Jones, Esq.
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV 89511
Phone: (775) 284-1500
Fax: (775) 703-5027
josh@thiermanbuck.com

Nicholas Woodfield, Esq.
*Pro Hac Vice to be Filed*
R. Scott Oswald, Esq.
*Pro Hac Vice to be Filed*
The Employment Law Group, P.C.
888 17th Street, N.W., Suite 900
Washington, D.C. 20006
(202) 261-2812
(202) 261-2835 (facsimile)
nwoodfield@employmentlawgroup.com
soswald@employmentlawgroup.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2020, a true and correct copy of the foregoing Plaintiff's First Request for Production of Documents was served via electronic mail and via United States Mail, First Class Postage prepaid, upon the following counsel for the Defendants:

Crane M. Pomerantz
Sklar Williams, PLLC
410 South Rampart Blvd., Suite 350
Las Vegas, Nevada 89145
cpomerantz@sklar-law.com

Christopher F. Robertson
Anne V. Dunne
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028
crobertson@seyfarth.com
adunne@seyfarth.com

*Attorneys for Defendants Elon Musk, Tesla, Inc., and Tesla Motors, Inc.*

Dora V. Lane
Matthew T. Cecil
Jordan Walsh
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
dlane@hollandhart.com
mtcecil@hollandhart.com
sjwalsh@hollandhart.com

Jeremy T. Naftel
Janine M. Braxton
Alex A. Smith
Martenson, Hasbrouck & Simon LLP
455 Capitol Mall, Suite 601
Sacramento, CA 95814
jnaftel@martensonlaw.com
jbraxton@martensonlaw.com
alexsmith@martensonlaw.com

*Attorneys for Defendant
U.S. Security Associates*

/s/ Joshua D. Buck
Joshua D. Buck, Esq.