# Ex. D – USSA's Responses to Plaintiff's First Interrogatories to Defendants

1  | MATTHEW T. CECIL
Nevada State Bar No. 9525
2  | Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
3  | Las Vegas, NV 89134
Tel: (702) 669-4600
4  | Fax: (702) 669-4650
Email: MTCecil@hollandhart.com
5  |
6  | JEREMY T. NAFTEL
California State Bar No. 185215
7  | JANINE M. BRAXTON
California State Bar No. 296321
8  | ALEX A. SMITH
California State Bar No. 317224
9  | MARTENSON, HASBROUCK & SIMON LLP
10 | 455 Capitol Mall, Suite 601
Sacramento, California 95814
11 | Email: jnaftel@martensonlaw.com
          jbraxton@martensonlaw.com
12 |      alexsmith@martensonlaw.com
13 |
Attorneys for Defendant
14 | U.S. SECURITY ASSOCIATES

15 | **UNITED STATES DISTRICT COURT**

16 | **DISTRICT OF NEVADA**

17 | KARL HANSEN,                          CASE NO.: 3:19-cv-00413-LRH-WGC

18 |            Plaintiff,
                                          **DEFENDANT U.S. SECURITY**
19 |       v.                             **ASSOCIATES, INC.'S RESPONSES**
                                          **TO PLAINTIFF'S**
20 | ELON MUSK; TESLA, INC.; TESLA MOTORS,  **INTERROGATORIES**
    INC.; U.S. SECURITY ASSOCIATES; DOES 1
21 | THROUGH 50,

22 |            Defendants.

23 |

24 | **PROPOUNDING PARTY:  PLAINTIFF KARL HANSEN**

25 | **RESPONDING PARTY:    DEFENDANT U.S. SECURITY ASSOCIATES**

26 | **SET NO.:             ONE**

27 |

28 |

Pursuant to Federal Rule of Civil Procedure 33, Defendant, U.S. Security Associates, Inc. ("USSA")1, hereby provides the following responses to Plaintiff KARL HANSEN's ("Plaintiff") interrogatories as follow:

**INTERROGATORY NO. 1:**

Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, and state that person's name position, tenure in that position, and a detailed description of the information possessed by that person.

**RESPONSE TO INTERROGATORY NO. 1:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as overbroad and unduly burdensome. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections. Defendant further contends this request is premature in light of the Parties' stipulation (and Court's Order) extending the discovery cut-off and related dates.

**INTERROGATORY NO. 2:**

Describe the job title, job description, compensation structure, including bonus potential, and criteria for performance evaluation for any position held by Hansen with any Defendant in 2018.

---

[1] Defendant U.S. Security Associates, Inc. was acquired by Universal Protection Service, LP DBA Allied Universal Security Services in 2018. U.S. Security Associates, Inc. employees who continued working after the merger are now employees of Allied Universal Security Services and identified accordingly herein.

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES

Case No. 3:19-cv-00413-LRH-WGC

1   **RESPONSE TO INTERROGATORY NO. 2:**

2           USSA objects to this request on the grounds that Plaintiff entered into a binding and

3   enforceable agreement to arbitrate his Breach of Contract claims against USSA.  Objection is further

4   made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of

5   commencing this action and further, by subsequently refusing to submit this matter to arbitration.

6   USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's

7   non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the

8   motion is decided.  9 U.S.C. § 3.  USSA further objects to this request as overbroad and unduly

9   burdensome to the extent it seeks information beyond USSA's knowledge, custody, possession, or

10  control.  Objection is further made to the extent this request includes within its scope information

11  that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other

12  applicable protection, privilege, or immunity including business proprietary, trade secret, employee

13  privacy and third party non litigant protections.

14  **INTERROGATORY NO. 3:**

15          Identify all persons in Hansen's supervisory chain during his employment with Defendants.

16  **RESPONSE TO INTERROGATORY NO. 3:**

17          USSA objects to "supervisory chain" as vague and ambiguous. USSA objects to this request

18  on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his

19  Breach of Contract claims against USSA.  Objection is further made on the grounds that Plaintiff

20  has breached the contractual arbitration agreement by way of commencing this action and further,

21  by subsequently refusing to submit this matter to arbitration.  USSA will move the Court for an

22  order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against

23  Defendant, the pendency of which effectively stays discovery until the motion is decided.  9 U.S.C.

24  § 3.  USSA further objects to this request as overbroad and unduly burdensome. Further, objection

25  is made on the ground that Plaintiff seeks information beyond USSA's knowledge, custody,

26  possession, or control.  Objection is further made to the extent this request includes within its scope

27  information that is protected from disclosure by the attorney-client privilege, work-product doctrine

28

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S          Case No. 3:19-cv-00413-LRH-WGC
RESPONSES TO PLAINTIFF'S INTERROGATORIES

1    or any other applicable protection, privilege, or immunity including business proprietary, trade

2    secret, employee privacy and third party non litigant protections.

3    **INTERROGATORY NO. 4:**

4        Identify and describe the information and criteria that Defendants relied upon in issuing

5    Hansen any negative performance evaluations and/or discipline.

6    **RESPONSE TO INTERROGATORY NO. 4:**

7        USSA objects to this request on the grounds that Plaintiff entered into a binding and

8    enforceable agreement to arbitrate his Breach of Contract claims against USSA.  Objection is

9    further made on the grounds that Plaintiff has breached the contractual arbitration agreement by

10   way of commencing this action and further, by subsequently refusing to submit this matter to

11   arbitration.  USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay

12   Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays

13   discovery until the motion is decided. 9 U.S.C. § 3.  USSA further objects to this request as

14   overbroad and unduly burdensome. Further, objection is also made to the extent Plaintiff seeks

15   information beyond USSA's knowledge, custody, possession, or control.  Objection is further made

16   to the extent this request includes within its scope information that is protected from disclosure by

17   the attorney-client privilege, work-product doctrine or any other applicable protection, privilege,

18   or immunity including business proprietary, trade secret, employee privacy and third party non

19   litigant protections.

20   **INTERROGATORY NO. 5:**

21       Identify and describe the criteria used in the decision to terminate Hansen in June/July 2018

22   and in September of 2018.

23   **RESPONSE TO INTERROGATORY NO. 5:**

24       USSA objects to this request to the extent this request erroneously assumes Defendant

25   terminated Plaintiff's employment.  Objection is further made on the grounds that Plaintiff entered

26   into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA.

27   Objection is further made on the grounds that Plaintiff has breached the contractual arbitration

28

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES

Case No. 3:19-cv-00413-LRH-WGC

agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration.  USSA objects on the grounds that the pendency of USSA's motion to compel arbitration and dismiss or stay this action effectively stays discovery until the motion is decided.  9 U.S.C. § 3.  USSA further objects to this request as vague, ambiguous, as to the term "terminate" as well as overbroad and unduly burdensome. Further,  objection is also made to the extent Plaintiff seeks information beyond USSA's knowledge, custody, possession, or control.  Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**INTERROGATORY NO. 6:**

Identify all individuals involved in Hansen's termination decisions and set forth their involvement in same, and set forth the factors, policies and rationales behind each termination decision.

**RESPONSE TO INTERROGATORY NO. 6:**

USSA objects to this request to the extent it erroneously assumes Defendant terminated Plaintiff's employment. Objection is further made on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration.  USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3.  USSA further objects to this request as compound, vague, and ambiguous, as to the term "termination" as well as overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control.  Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES

Case No. 3:19-cv-00413-LRH-WGC

privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**INTERROGATORY NO. 7:**

Identify and explain in detail Defendants' knowledge of any complaint or communication by Hansen to the Securities Exchange Commission in 2018.

**RESPONSE TO INTERROGATORY NO. 7:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**INTERROGATORY NO. 8:**

Identify and explain in detail Defendants' communications with the Securities Exchange Commission about any complaints Defendants believed to have been made by Hansen.

**RESPONSE TO INTERROGATORY NO. 8:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES

Case No. 3:19-cv-00413-LRH-WGC

1  way of commencing this action and further, by subsequently refusing to submit this matter to
2  arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay
3  Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays
4  discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as
5  compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the
6  extent this request seeks information beyond USSA's knowledge, custody, possession, or control.
7  Objection is further made to the extent this request includes within its scope information that is
8  protected from disclosure by the attorney-client privilege, work-product doctrine or any other
9  applicable protection, privilege, or immunity including business proprietary, trade secret, employee
10  privacy and third party non litigant protections.

11  **INTERROGATORY NO. 9:**

12      Identify and explain in detail Defendants' investigations of thefts occurring at Elon Musk,
13  Tesla, Inc., and Tesla Motors, Inc.'s Gigafactory from 2017 to the present, including the cost to
14  Elon Musk, Tesla, Inc., and Tesla Motors, Inc. and their investors, and any and all information
15  communicated to investors concerning the thefts.

16  **RESPONSE TO INTERROGATORY NO. 9:**

17      USSA objects to this request on the grounds that Plaintiff entered into a binding and
18  enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is
19  further made on the grounds that Plaintiff has breached the contractual arbitration agreement by
20  way of commencing this action and further, by subsequently refusing to submit this matter to
21  arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay
22  Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays
23  discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as
24  compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the
25  extent this request seeks information beyond USSA's knowledge, custody, possession, or control.
26  Objection is further made to the extent this request includes within its scope information that is
27  protected from disclosure by the attorney-client privilege, work-product doctrine or any other
28

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S          Case No. 3:19-cv-00413-LRH-WGC
RESPONSES TO PLAINTIFF'S INTERROGATORIES

1  applicable protection, privilege, or immunity including business proprietary, trade secret, employee

2  privacy and third party non litigant protections.

3  **INTERROGATORY NO. 10:**

4      Identify and explain in detail Defendants' investigations of the association of Mexican drug

5  cartel members and their alleged narcotic trafficking at the Gigafactory from 2017 to the present,

6  including any and all information communicated by Elon Musk, Tesla, Inc., and/or Tesla Motors,

7  Inc. to investors concerning the cartel involvement.

8  **RESPONSE TO INTERROGATORY NO. 10:**

9      USSA objects to this request on the grounds that Plaintiff entered into a binding and

10  enforceable agreement to arbitrate his Breach of Contract claims against USSA.  Objection is

11  further made on the grounds that Plaintiff has breached the contractual arbitration agreement by

12  way of commencing this action and further, by subsequently refusing to submit this matter to

13  arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay

14  Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays

15  discovery until the motion is decided. 9 U.S.C. § 3.  USSA further objects to this request as

16  compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the

17  extent this request seeks information beyond USSA's knowledge, custody, possession, or control.

18  Objection is further made to the extent this request includes within its scope information that is

19  protected from disclosure by the attorney-client privilege, work-product doctrine or any other

20  applicable protection, privilege, or immunity including business proprietary, trade secret, employee

21  privacy and third party non litigant protections.

22  **INTERROGATORY NO. 11:**

23      Identify and explain in detail any complaints or allegations made by Hansen when he was

24  employed by any Defendant.

25  **RESPONSE TO INTERROGATORY NO. 11:**

26      USSA objects to this request as overbroad in time and scope and to the extent it seeks within

27  its scope information that is not reasonably calculated to lead to the discovery of admissible

28

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES

Case No. 3:19-cv-00413-LRH-WGC

evidence. Objection is further made on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA.  Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3.  USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**INTERROGATORY NO. 12:**

Identify and explain in detail any complaints or allegations leveled against Hansen when he was employed by any Defendant or thereafter.

**RESPONSE TO INTERROGATORY NO. 12:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA.  Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3.  USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES

Case No. 3:19-cv-00413-LRH-WGC

1  protected from disclosure by the attorney-client privilege, work-product doctrine or any other

2  applicable protection, privilege, or immunity including business proprietary, trade secret, employee

3  privacy and third party non litigant protections.

4  Dated:  March 23, 2020                    MARTENSON HASBROUCK & SIMON LLP

5

6

7

8  By: _____
                                      Jeremy T. Naftel
9                                     Janine M. Braxton
                                      Alex A. Smith
10
                                   Attorneys for Defendant
11                                 U.S. SECURITY ASSOCIATES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO PLAINTIFF'S INTERROGATORIES

Case No. 3:19-cv-00413-LRH-WGC

1

## CERTIFICATE OF SERVICE

2

I am a citizen of the United States, more than eighteen years old, and not a party to this action.

3

I am employed by the law firm Martenson, Hasbrouck & Simon LLP, and my business address is 455 Capitol Mall, Suite 601, Sacramento, California.

4

On March 23, 2020, I served true copies of the following document(s):

5

**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES**

6

in the following manner(s):

7
8

| X | **(By Email or E-Service)** | By causing the such document(s) to be emailed or electronically transmitted to the email addresses listed below, pursuant to a court order, an agreement of the parties, or other permissible reason. |
|---|---|---|

9

10

On the following interested part(ies) in this action:

11

| *Counsel for the Plaintiff* | *Attorneys for Defendants Elon Musk, Tesla, Inc., and Tesla Motors, Inc.* |
|---|---|
| Joshua D. Buck, Esq.<br>Mark Thierman, Esq.<br>Leah L. Jones, Esq.<br>Thierman Buck LLP<br>7287 Lakeside Drive<br>Reno, NV 89511<br>Phone: (775) 284-1500<br>Fax: (775) 703-5027<br>josh@thiermanbuck.com<br><br>Nicholas Woodfield, Esq.<br>R. Scott Oswald, Esq.<br>The Employment Law Group, P.C.<br>888 17th Street, N.W., Suite 900<br>Washington, D.C. 20006<br>(202) 261-2812<br>(202) 261-2835 (facsimile)<br>nwoodfield@employmentlawgroup.com<br>soswald@employmentlawgroup.com | Crane M. Pomerantz<br>Sklar Williams, PLLC<br>410 South Rampart Blvd., Suite 350<br>Las Vegas, Nevada 89145<br>cpomerantz@sklar-law.com<br><br>Christopher F. Robertson<br>Anne V. Dunne<br>Seyfarth Shaw LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, Massachusetts 02210-2028<br>crobertson@seyfarth.com<br>adunne@seyfarth.com |

12
13
14
15
16
17
18
19
20
21
22
23

24

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **March 23, 2020.**

25

26

_____

27

Carol Philip

28