# Ex. E – USSA's Responses to Plaintiff's First Requests for Production to Defendants

MATTHEW T. CECIL
Nevada State Bar No. 9525
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: MTCecil@hollandhart.com

JEREMY T. NAFTEL
California State Bar No. 185215
JANINE M. BRAXTON
California State Bar No. 296321
ALEX A. SMITH
California State Bar No. 317224
MARTENSON, HASBROUCK & SIMON LLP
455 Capitol Mall, Suite 601
Sacramento, California 95814
Email: jnaftel@martensonlaw.com
       jbraxton@martensonlaw.com
       alexsmith@martensonlaw.com

Attorneys for Defendant
U.S. SECURITY ASSOCIATES

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KARL HANSEN,<br><br>        Plaintiff,<br><br>v.<br><br>ELON MUSK; TESLA, INC.; TESLA MOTORS, INC.; U.S. SECURITY ASSOCIATES; DOES 1 THROUGH 50,<br><br>        Defendants. | CASE NO.: 3:19-CV-00413<br><br>**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:** PLAINTIFF KARL HANSEN

**RESPONDING PARTY:** DEFENDANT U.S. SECURITY ASSOCIATES

**SET NO.:** ONE

Pursuant to Federal Rule of Civil Procedure 34, Defendant, U.S. Security Associates, Inc. ("USSA")1, hereby provides the following responses to Plaintiff KARL HANSEN's ("Plaintiff") interrogatories as follow:

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified in your answers to Plaintiff's Interrogatories to Defendants if not previously produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 2:**

All documents identified during or mentioned in any deposition taken in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further

---

[1] Defendant U.S. Security Associates, Inc. was acquired by Universal Protection Service, LP DBA Allied Universal Security Services in 2018. U.S. Security Associates, Inc. employees who continued working after the merger are now employees of Allied Universal Security Services and identified accordingly herein.

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
RESPONSES TO REQEUSTS FOR PREODUCTION OF
DOCUMENTS
2
Case No. 3-19-cv-00413-LRH-WGC

1  made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of
2  commencing this action and further, by subsequently refusing to submit this matter to arbitration.
3  USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's
4  non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the
5  motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague,
6  ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request
7  seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further
8  made to the extent this request includes within its scope information that is protected from disclosure
9  by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege,
10 or immunity including business proprietary, trade secret, employee privacy and third party non
11 litigant protections. USSA objects on the basis that no depositions have taken place, thus rendering
12 this request premature.

**REQUEST FOR PRODUCTION NO. 3:**

Hansen's entire personnel file maintained by each and any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to Defendants' hiring of Hansen at Tesla Inc. in 2018, and his subsequent termination, including Hansen's job description, the alleged restructuring in June and/or

July of 2018 that was given as the cause for his termination, any discussions and communications concerning the decision and/or rationale to terminate Hansen, and a list of all other positions that were eliminated or changed in the same alleged restructuring that was the purported basis for terminating Hansen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to Hansen's compensation and retirement benefits at Tesla, Inc., including possible salary increases and all fixed benefit plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's

non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 6**

All documents related to Defendants' knowledge of any complaint or communication by Hansen to the Securities Exchange Commission in 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 7:**

All documents related to Defendants' communications with the Securities Exchange Commission about any complaints Defendants believed to have been made by Hansen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to Defendants' communications with the Securities Exchange Commission about any complaints made about theft and drug cartel involvement at the Gigafactory located at 1 Electric Ave., Sparks, Nevada, 89434.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's

non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to Defendants' hiring of Hansen by U.S. Security Associates in 2018 and his subsequent termination, including Hansen's job description, any discussions and communications concerning the decision to terminate Hansen, and a list of all other positions that were eliminated or changed at the same time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague and ambiguous, as to the term "terminate." As well as overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 10:**

All documents related to Hansen's compensation and retirement benefits at U.S. Security Associates, including possible salary increases and all fixed benefit plans.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

USSA objects to this request to the extent it assumes Plaintiff was entitled to retirement or any other benefits during his employment. Objection is further made on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 11:**

All documents related to Defendants' rationale for terminating Hansen's employment with U.S. Security Associates in September of 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

USSA objects to this request to the extent it erroneously assumes Defendant terminated Plaintiff's employment. Defendant further objects on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's

non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 12:**

All documents created or in use from 2017 to 2020 related to Defendants' investigations of thefts occurring at Elon Musk, Tesla, Inc., and Tesla Motors, Inc.'s Gigafactory, including the cost to Elon Musk, Tesla, Inc., and Tesla Motors, Inc. and their investors, including any and all information communicated to investors concerning the thefts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 13:**

All documents created or in use from 2017 to 2020 related to Defendants' investigations of the association of Mexican drug cartel members and their alleged narcotic trafficking at the Gigafactory, including any and all information communicated by Elon Musk, Tesla, Inc., and/or Tesla Motors, Inc. to investors concerning the cartel involvement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 14:**

All documentation relating any complaints or allegations made by Hansen when he was employed by any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration.

USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 15:**

All documentation relating any complaints or allegations leveled against Hansen when he was employed by any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

/ / /

**REQUEST FOR PRODUCTION NO. 16:**

All documentation relating any performance issues that might have been attributed to Hansen when he was employed by any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 17:**

All organizational charts showing Hansen's positions at Defendants in 2018 and 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague and

ambiguous, as to the term "positions" as wells as overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all contracts between Elon Musk, Tesla, Inc., Tesla Motors, Inc., and U.S. Security Associates in 2018 and 2019 that governed any contract job with U.S. Security Associates that had Hansen working for Elon Musk, Tesla, Inc., and/or Tesla Motors, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

USSA objects to this request on the grounds that Plaintiff entered into a binding and enforceable agreement to arbitrate his Breach of Contract claims against USSA. Objection is further made on the grounds that Plaintiff has breached the contractual arbitration agreement by way of commencing this action and further, by subsequently refusing to submit this matter to arbitration. USSA will move the Court for an order to compel Plaintiff's arbitrable claims and stay Plaintiff's non-arbitrable claims against Defendant, the pendency of which effectively stays discovery until the motion is decided. 9 U.S.C. § 3. USSA further objects to this request as compound, vague, ambiguous, overbroad and unduly burdensome. Objection is further made to the extent this request seeks information beyond USSA's knowledge, custody, possession, or control. Objection is further made to the extent this request includes within its scope information that is protected from disclosure by the attorney-client privilege, work-product doctrine or any other applicable protection, privilege, or immunity including business proprietary, trade secret, employee privacy and third party non litigant protections.

/ / /

/ / /

/ / /

DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S RESPONSES TO REQEUSTS FOR PREODUCTION OF DOCUMENTS    13    Case No. 3-19-cv-00413-LRH-WGC

Dated:  March 23, 2020             MARTENSON HASBROUCK & SIMON LLP

                                   By: _____
                                       Jeremy T. Naftel
                                       Janine M. Braxton
                                       Alex A. Smith

                                   Attorneys for Defendant
                                   U.S. SECURITY ASSOCIATES

# CERTIFICATE OF SERVICE

I am a citizen of the United States, more than eighteen years old, and not a party to this action. I am employed by the law firm Martenson, Hasbrouck & Simon LLP, and my business address is 455 Capitol Mall, Suite 601, Sacramento, California.

On March 23, 2020, I served true copies of the following document(s):

**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

in the following manner(s):

| X | **(By Email or E-Service)** | By causing the such document(s) to be emailed or electronically transmitted to the email addresses listed below, pursuant to a court order, an agreement of the parties, or other permissible reason. |
|---|---|---|

On the following interested part(ies) in this action:

| *Counsel for the Plaintiff* | *Attorneys for Defendants Elon Musk, Tesla, Inc., and Tesla Motors, Inc.* |
|---|---|
| Joshua D. Buck, Esq.<br>Mark Thierman, Esq.<br>Leah L. Jones, Esq.<br>Thierman Buck LLP<br>7287 Lakeside Drive<br>Reno, NV 89511<br>Phone: (775) 284-1500<br>Fax: (775) 703-5027<br>josh@thiermanbuck.com<br><br>Nicholas Woodfield, Esq.<br>R. Scott Oswald, Esq.<br>The Employment Law Group, P.C.<br>888 17th Street, N.W., Suite 900<br>Washington, D.C. 20006<br>(202) 261-2812<br>(202) 261-2835 (facsimile)<br>nwoodfield@employmentlawgroup.com<br>soswald@employmentlawgroup.com | Crane M. Pomerantz<br>Sklar Williams, PLLC<br>410 South Rampart Blvd., Suite 350<br>Las Vegas, Nevada 89145<br>cpomerantz@sklar-law.com<br><br>Christopher F. Robertson<br>Anne V. Dunne<br>Seyfarth Shaw LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, Massachusetts 02210-2028<br>crobertson@seyfarth.com<br>adunne@seyfarth.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **March 23, 2020.**

*/s/ Carol Philip*
Carol Philip