UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARL HANSEN,<br><br>         Plaintiff,<br><br> v.<br><br>ELON MUSK; TESLA, INC.; TESLA MOTORS, INC.; U.S. SECURITY ASSOCIATES; DOES 1 THROUGH 50,<br><br>         Defendants. | Case No. 3:19-cv-00413-LRH-CSD<br><br>ORDER |

  Before the Court are Defendants Elon Musk, Tesla, Inc., and Tesla Motors, Inc.'s ("the Tesla Parties") motion to dismiss (ECF No. 63), Defendant U.S. Security Associates' ("USSA") motion to dismiss (ECF No. 64), and USSA's request for judicial notice of certain pleadings and records from an arbitration proceeding (ECF No. 65). As explained below, the Court grants each motion.

**I. BACKGROUND**

  In February 2018, Tesla hired Hansen to investigate potential criminal activity occurring at its Gigafactory. ECF No. 1 at 3. His investigations primarily revolved around potential thefts, drug cartel activity, and improper contract awards. ECF No. 65-1 at 4. Tesla however eliminated Hansen's position a few months later due to restructuring and its decision to outsource the work to USSA, a third-party contractor. *Id.* USSA, in turn, hired Hansen and assigned him to the Gigafactory, where he continued his previous investigations. *Id.* Based on his findings, Hansen reported suspected criminal activity to Tesla employees, including Elon Musk, and filed a complaint at the Securities and Exchange Commission (SEC). *Id.* at 8. Shortly after he filed his

1

complaint, USSA removed Hansen from his Gigafactory assignment and reassigned him to another position. *Id.* at 5.

Hansen then filed a complaint in this Court, alleging that (1) the Tesla Parties intentionally interfered with contractual relations between USSA and Hansen; (2) USSA breached its contract with Hansen; and (3) the Tesla Parties and USSA violated the Sarbanes Oxley Act. ECF No. 1 at 9–11. A few months after Hansen filed his complaint, the Tesla Parties and USSA moved to compel arbitration of the intentional interference with contractual relations and breach of contract claims, and asked the Court to issue a stay of judicial proceedings regarding the Sarbanes-Oxley claim while the arbitration proceedings occurred. ECF No. 55 at 4. Hansen opposed their motions. *Id.* The Court ultimately agreed with the Tesla Parties and USSA, holding that Hansen had entered into a valid arbitration agreement whose scope covered the intentional interference with contractual relations and breach of contract claims. *Id.* at 7. Accordingly, the Court compelled arbitration of those claims and issued a stay of the Sarbanes-Oxley claim because it arose out of the same conduct as the arbitrable claims and staying the Sarbanes-Oxley claim pending arbitration would be in the best interest of judicial economy. *Id.* at 7, 12.

In accordance with the Court's order, Hansen submitted the intentional interference with contractual relations and breach of contract claims to arbitration. *See* ECF No. 63-3. Those claims, as well as a claim for retaliation under Dodd-Frank that Hansen added during arbitration, proceeded to discovery and were later challenged by the Tesla Parties and USSA in a summary judgment motion. After granting in part and denying in part summary judgment, the arbitrator allowed the parties to proceed to trial on the intentional interference with contractual relations claim against the Tesla Parties and the retaliation under Dodd-Frank claims against both the Tesla Parties and USSA. The parties exchanged pre-trial briefing and then participated in a three-day hearing, where several witnesses testified and were subject to direct examination, cross-examination, re-direct examination, and re-cross examination. *See* ECF No. 63-8, 63-9, 63-10. The hearing was followed by an additional round of briefing. *See* ECF No. 63-11, 63-12. After

the hearing and briefing were complete, the arbitrator issued a final award finding in favor of the Tesla Parties and USSA on all claims.[1]  *See* ECF No. 63-1.

Specifically, in analyzing Hansen's Dodd-Frank claim, the arbitrator found that Hansen failed to prove a Dodd-Frank claim for four reasons.  First, "USSA could not have retaliated against Hansen for making a complaint to the SEC because it was not aware that the [complaint] was filed, or that any protected activity had occurred."  ECF No. 65-1 at 7.  Second, Hansen did not engage in protected activity under Dodd-Frank because his allegations related to "garden variety theft and drug violations" of state law—not the securities laws.  *Id.*  Third, Hansen did not have an objective basis to believe a violation of the securities laws had occurred.  *Id.*  And fourth, even if Hansen's complaint to the SEC was protected activity, Tesla had a legitimate business reason to have Hansen reassigned to a different position.  *Id.* at 8.

This Court confirmed and adopted the arbitration award as a final, enforceable judgment of the Court on July 25, 2022.  ECF No. 62.  In addition, the Court lifted the stay over Hansen's Sarbanes-Oxley claim and ordered the defendants to file any motions to dismiss within twenty-one days of the entry of the order.  *Id.*  Both the Tesla Parties and USSA filed motions to dismiss, alleging that Hansen's Sarbanes-Oxley claim was precluded under the doctrine of collateral estoppel.  *See* ECF Nos. 63, 64.

## II.   LEGAL STANDARD

### A. Motion to Dismiss

A party may seek the dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, enough facts must be plead "to state a claim to relief that [was] plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  The plausibility standard requires the claimant to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] During the arbitration proceedings, Hansen also raised federal and Nevada RICO claims.  *See* ECF No.63-4.  The arbitrator ultimately dismissed both those claims with prejudice.  *See* ECF Nos. 63-1, 63-7.

678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678–79. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "In sum, for a [claim] to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

"Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels—Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotations and citations omitted). The court may "treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Further, a court may consider "matters of public record" that the court takes judicial notice of. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quotations omitted); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### B. Collateral Estoppel

"Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016) (quoting *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992)). In order for the doctrine to apply, four conditions must be met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). When

parties dispute whether the proceedings involve identical issues, the Court considers four questions:

> (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?; (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceedings?; (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?; (4) how closely related are the claims involved in the two proceedings?

*Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (quoting *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999)). If these conditions are met, "[a]n arbitration decision can have … collateral estoppel effect even if the underlying claim involves the federal securities laws." *Clark*, 966 F.2d at 1321.

### III.   DISCUSSION

The issue before the Court is whether Hansen's Sarbanes-Oxley claim should be dismissed under the collateral estoppel doctrine.[2] To state a prima facie claim under Sarbanes-Oxley, an employee must show that (1) the employee engaged in protected activity or conduct; (2) the employer knew or suspected that the employee engaged in the protected activity; (3) the employee suffered an unfavorable personnel action; and (4) the circumstances suggest that the protected activity or conduct was a contributing factor in the unfavorable personnel action. 29 C.F.R. § 1980.104(e)(2)(i)–(iv). To establish that he engaged in protected activity, an individual must prove that he had both a subjective and objective reasonable belief that a violation of one of the covered laws occurred. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 1000 (9th Cir. 2009).

Hansen alleges that Telsa and USSA violated the Sarbanes-Oxley Act by firing Hansen in retaliation for reports he made to Tesla, USSA, and the SEC regarding theft, drug cartel activity, and improper contract award practices occurring at Tesla's Gigafactory. *See* ECF No. 1 at 11.

---

[2] In conjunction with its motion to dismiss, USSA filed a request for judicial notice of (1) the final award in arbitration issued on June 8, 2022; (2) Hansen's demand for arbitration filed on July 27, 2020; (3) Hansen's third amended statement of claims filed on December 21, 2020; (4) the interim award for the motion for summary judgment issued on March 7, 2022; and (5) the clarification of the interim award issued on March 14, 2022. ECF No. 65 at 2. Neither the Tesla Parties nor Hansen oppose this request. The Court will take judicial notice of the documents because they are matters of public record whose accuracy can be readily determined. Fed. R. Evid. 201(b)(2); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).

5

And because he believes that the alleged misconduct amounts to violations of federal criminal law "prohibiting mail, wire, or bank fraud, rules and regulations of the SEC, or provisions of federal law relating to fraud against shareholders." *See id.* The Tesla Parties and USSA argue that this claim should be dismissed because, under collateral estoppel, the arbitrator's findings regarding Hansen's Dodd-Frank claim bar recovery. Specifically, they argue that the arbitrator's conclusion that Hansen did not engage in a protected activity under Dodd-Frank bars recovery under the Sarbanes-Oxley Act. In addition, USSA argues that the arbitrator's conclusion that USSA did not have knowledge of Hansen making disclosures to the SEC or engaging in protected activity bars recovery under the Sarbanes-Oxley Act.[3]

Similar to the Sarbanes-Oxley Act, Dodd-Frank requires that an alleged whistleblower prove that he engaged in protected activity and suffered an adverse employment action that was causally related to the protected activity. *See McManus v. Tetra Tech. Constr., Inc.*, 260 F. Supp. 3d 197, 203–04 (N.D.N.Y. 2017). To qualify as a whistleblower under Dodd-Frank, the person must have filed a complaint with the SEC. *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767, 777 (2018). And the person must have had a "reasonable belief" that the information provided to the SEC related to a possible violation of the federal securities laws. 17 C.F.R. § 240.21F-2(d)(i),(ii). A reasonable belief is comprised of both a subjective and objective belief. *McManus*, 260 F. Supp. 3d at 206.

Here, neither party disputed in the arbitration proceedings that Hansen had made a complaint to the SEC. Instead, the only issue before the arbitrator was whether Hansen had participated in protected activity, including whether his allegations related to a violation of the securities laws. The "securities laws" include:

> the Securities Act of 1933 (15 U.S.C. 77a et seq.), the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.), the Sarbanes-Oxley Act of 2002, the Trust Indenture Act of 1939 (15 U.S.C. 77aaa et seq.), the Investment Company Act of 1940 (15 U.S.C. 80a-1 et seq.), the Investment Advisers Act of 1940 (15 U.S.C. 80b et seq.), and the Securities Investor Protection Act of 1970 (15 U.S.C. 78aaa et seq.).

---

[3] The Tesla Parties also raise arguments that the arbitrator's conclusions regarding Tesla's legitimate bases for taking the actions it did and whether Hansen suffered adverse action regarding his employment have preclusive effect here. The Court need not reach those arguments because Hansen's Sarbanes-Oxley claim is precluded on other grounds.

15 U.S.C. § 78c(a)(47). The arbitrator ultimately found that Hansen had *not* made disclosures relating to a violation of the securities laws. His allegations were simply related to "garden variety theft and drug violations" governed by state law. Further, the arbitrator found that Hansen did not have an objective basis to believe a violation of the securities laws occurred. He did not have personal knowledge of what is in Tesla's financial statements or is reported to shareholders; his investigation found no evidence to support his claims about thefts or drug cartels; and he had not conducted an independent investigation but instead relied upon a different employee's claims. The arbitrator found that these grounds demonstrated that Hansen had not participated in protected activity under Dodd-Frank.

The allegations relating to Hansen's Dodd-Frank claim are identical to the allegations relating to his Sarbanes-Oxley claim. They both hinge upon the details of Hansen's investigations regarding thefts and drug cartel activity occurring at the Gigafactory when he was employed by Tesla and USSA. As the arbitrator found, however, Hansen's allegations do not relate to the securities laws, and Hansen had no objective basis to believe that they did. They are simply matters regulated by state law. Here, a failure to demonstrate that the allegations related to a violation of the securities laws, or that he had an objective basis to believe so, bars Hansen from recovering under the Sarbanes-Oxley Act. Hansen's Sarbanes-Oxley claim relies upon a violation of those laws but no other type of fraud. And an objective reasonable belief that a violation of one of the covered laws occurred is essential to a Sarbanes-Oxley claim. Further, the Court is fully satisfied that Hansen had a full and fair opportunity to litigate these issues in arbitration and that they were necessarily decided on the merits of his Dodd-Frank claim. Thus, both grounds relied upon by the arbitrator to conclude that Hansen did not engage in protected activity have collateral estoppel effect for Hansen's Sarbanes-Oxley claim. For similar reasons, the Court also finds that the arbitrator's conclusion that USSA did not have the requisite knowledge has preclusive effect here.

Accordingly, the Court finds that Hansen has failed to state a claim upon which relief may be granted. The Court therefore dismisses Hansen's Sarbanes-Oxley claim with prejudice.

///

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the Tesla Parties' motion to dismiss (ECF No. 63), USSA's motion to dismiss (ECF No. 64), and USSA's motion for judicial notice (ECF No. 65) are granted. Hansen's Sarbanes-Oxley claim is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED this 31st day of January, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE